**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                     :

NOLBERTO R.,

                       Plaintiff,      :         24-CV-9800 (OTW)

         -against-         :         **OPINION & ORDER**

COMMISSIONER OF SOCIAL SECURITY,    :

                     Defendant.    :

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Nolberto R.[1] ("Plaintiff") filed the instant action seeking judicial review of the Commissioner of Social Security's ("Defendant") denial of Plaintiff's application for Supplemental Security Income and Disability Insurance Benefits. The parties consented to magistrate judge jurisdiction on April 24, 2025. (ECF 12). Plaintiff contends that the Administrative Law Judge ("ALJ") erred because the ALJ's decision was not supported by substantial evidence. For the following reasons, I agree. Accordingly, Plaintiff's motion for judgement on the pleadings is **GRANTED** and this case is **REMANDED** for further proceedings consistent with this Opinion and Order.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I.    BACKGROUND

### A.  Administrative Proceedings[2]

Plaintiff applied for benefits on December 10, 2021, alleging the following impairments: vision disorder, diabetes mellitus, cognitive disorder, schizoaffective disorder, depressive disorder, anxiety disorder, and posttraumatic stress disorder, with an Alleged Onset Date of November 17, 2021. (ECF 17 at 4). On December 16, 2022, ALJ Lucian A. Vecchio held a telephonic hearing. (*Id.*)

### B.  The ALJ's Decision

On December 21, 2023, the ALJ issued a 16-page decision denying the application for benefits. (ECF 10 at 21-34).  Following the five-step framework set out by the Social Security Administration, the ALJ found at Step One that the Plaintiff had not engaged in substantial gainful activity since December 10, 2021. At Step Two, the ALJ found the following "severe" impairments: vision disorder; diabetes mellitus, cognitive disorder, schizoaffective disorder; depressive disorder, anxiety disorder; and posttraumatic stress disorder. (*Id.* at 21).  At Step Three, the ALJ considered whether Plaintiff's impairments met the following Listings: 2.04 (loss of visual efficiency) 9.00B.5 (diabetes mellitus); 12.02 (neurocognitive disorders); 12.03 (schizophrenia spectrum and other psychotic disorders); 12.04 (depression, bipolar and other related disorders) 12.05 (Intellectual disorder), 12.06 (Anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders), and concluded that they did not. Specifically, the ALJ found no "extreme" limitations and only one "marked" limitation in the paragraph B functional criteria (in understanding, remembering or applying information), and

---

[2] The administrative record was filed at ECF 10.

"moderate" limitations in "interacting with others," "concentrating, persisting or maintaining pace," and "adapting or managing oneself." (*Id*. at 22-23). Similarly, the ALJ found that the "evidence fails to establish the presence of the "paragraph C" criteria." (*Id*. at 23.)

At the last step of the analysis, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels, but with non-exertional limitations." *Id*. at 24. The ALJ then listed numerous limitations that required only "occasionally interacting" with others, other limitations that reduced stress and decision-making on the job, and other accommodations for Plaintiff's poor vision and occasional dizziness. *Id*. at 24. The ALJ also stated that Plaintiff could work at a job that allowed him to be off-task up to 10% of the workday, and that would allow him to be absent one day per month, or 12 days per year. *Id*.

### C.  Procedural History

On December 10, 2021, Plaintiff filed an application for SSI with an Alleged Onset Date of November 17, 2021. (ECF 17 at 4). Following a denial of his application, ALJ Vecchio held a hearing on December 16, 2022. (*Id*. at 10) After the ALJ found, on December 21, 2023, that Plaintiff did not qualify for SSI benefits, the Appeals Counsel denied Plaintiff's request for review on October 24, 2024. (*Id*. at 1-8). On February 7, 2025, Plaintiff filed the instant action seeking the Court's review of the ALJ decision. (ECF 1). The administrative record was filed on April 2, 2025. (ECF 10). The parties consented to magistrate judge jurisdiction for all purposes on April 24, 2025. (ECF 12). Plaintiff's motion for judgment on the pleadings was fully briefed on September 4, 2025.

## II.   APPLICABLE LAW

### A.  Standard of Review

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. Additionally, the Court's review of the Defendant's decision is limited to an inquiry into whether there is substantial evidence to support the Defendant's findings and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla. It only requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (same). This is a "very deferential standard of review." *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must rely on the underlying record. "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," an explanation of the ALJ's reasoning is warranted, or when the ALJ's rationale is unclear, the Court should remand "for further development of the evidence." *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.  The ALJ Must Apply a Five-Step Evaluation of Plaintiff's Disability Claim

To be awarded disability benefits, the SSA requires that a claimant have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The ALJ makes this determination through a five-step evaluation process. First, the Plaintiff must provide evidence which supports the ALJ's determination that:

(1) the Plaintiff is not currently engaged in substantial gainful activity;

(2) that Plaintiff's impairment is so severe that it limits their ability to perform basic work activities;

(3) that Plaintiff's impairment falls under one of the impairment listings in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 such that the Plaintiff may be presumed to be disabled. Absent that, the ALJ must determine the Plaintiff's Residual Functional Capacity ("RFC"), or their ability to perform physical and mental work activities on a sustained basis; and

(4) the RFC, if applicable, does not allow Plaintiff to meet the physical and mental demands of his prior employment.

If the ALJ finds Plaintiff's evidence has satisfied all four of these steps, the burden then shifts to the Commissioner to prove that, based on Plaintiff's RFC, age, education, and past work experience, Plaintiff can perform some other work that exists in the national economy. *See* 20 C.F.R § 416.920(a)(4)(i)–(v). A finding that a claimant is either disabled or not disabled may be made at any time during the five-step disability determination process; once such a finding is made, no further review of the claim is necessary. *See* 20 C.F.R. § 404.1520(a).

## III.    DISCUSSION

Plaintiff argues that the ALJ erred at Step Three by finding that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (ECF 17 at 13-21). Specifically, Plaintiff argues that the ALJ's conclusion of finding only one "marked" limitation in the Paragraph B criteria[3] is not supported by substantial

---

[3] For mental impairments, the "Paragraph B criteria" use a five-point scale consisting of: no limitation, mild limitation, moderate limitation, marked limitation, and extreme limitation to evaluate four areas of mental functioning: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *See* 20 CFR Part 404, Subpart P, Appendix 1 at 1200(A)(2)(b).

evidence. (*Id*. at 17-19). Plaintiff also argues that the ALJ adopted his own hypothetical to the vocational expert ("VE") that Plaintiff would not be off-task more than 10% of the workday or be absent more than once a month, without reference to any medical opinion to support this conclusion. (*Id*. at 21).

### A. The ALJ's Finding of Only "Moderate" Limitations in Adapting and Managing Oneself is Not Supported by Substantial Evidence

The ALJ determined at Step Three that Plaintiff's limitation in "adapting and managing oneself" was only "moderate" and not "marked." The ALJ's finding, in its entirety, was based only on the July 26, 2022 function report, without reference to any other aspects of the record:

> On his July 26, 2022 function report, claimant asserted that he lives in an apartment with his father (Exhibit D4E[4] at 1), and that he stays home and only goes out to his doctors' appointments. (*Id*. at 2). He alleges that he is able to care for his personal hygiene and grooming (*Id*.) He reported that he *pays bills, counts change, handles savings accounts, shops by computer.* (*Id*. at 3). He indicated that he does not handle stress well. (*Id*. at 7).

(ECF 10 at 23) (emphasis added).

The ALJ failed to mention numerous instances in the function report where Plaintiff indicated that he could not accomplish activities independently, and that alone is sufficient for remand. *See Lambert v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-2467 (MKB), 2021 WL 11715453, at *15 (E.D.N.Y. Sept. 30, 2021) ("where the ALJ has overlooked or mischaracterized evidence of a person's alleged disability, the ALJ's decision is not based on substantial evidence"); *see also Kelly F. v. Saul*, 496 F. Supp. 3d 733, 740 (N.D.N.Y. 2020) (ALJ "fail[ed] to distinguish between activities Plaintiff is able to accomplish on her own and activities with

---

[4] Exhibit D4E begins at ECF 10-1 at 58.

which she requires assistance. In reaching her conclusion without giving due consideration to this distinction, ALJ Koennecke contradicted SSA guidance").

For example, while the ALJ noted that Plaintiff only left the home to go to doctors' appointments, Plaintiff also indicated that he went outside "only for the monthy [sic] doctor visit" because "I'm scare [sic] to go out alone." (ECF 10-1 at 60.) He explained that he could not go out alone, ever, because "I'm scare of going outside." (*Id*.) He also noted repeatedly that he "can't concentrate," (*Id*. at 60, 61, 63), and that he has trouble sleeping, and only does so "for short periods" in the daytime. (*Id*. at 59.) Plaintiff also indicated in the function report that he cannot follow written or spoken instructions. (*Id*. at 63.) Moreover, while Plaintiff checked "yes" to his *ability to* pay bills, count change, handle a savings account, and "use a checkbook/money orders," (*Id*. at 60), nowhere in the function report does Plaintiff suggest he "shops by computer," or that he in fact "pays bills, counts change, handles savings accounts, [or] shops by computer." (ECF 10 at 23). Indeed, at the hearing, Plaintiff testified that he had no internet, did not own a computer, and had only "ever" used a computer "years ago." (*Id*. at 86-87).

### B. The ALJ Failed to Evaluate Plaintiff's Monthly Absences and Time Off-Task

At the hearing, the ALJ asked the VE to assume that Plaintiff "would require reminders from supervisors about once or twice an hour, not more," and that he "would need a job where he can be off task up to and including 10 percent of the workday," "attribut[ing] that to his preoccupation with depression and mental limitations." (ECF 10 at 99). The VE expressed some "hesitancy" with reminders once or twice an hour, and also testified that if Plaintiff were off task just 12% of the workday, or absent more than one day a month, that either of these limitations would be "work preclusive." (*Id*. at 88).

7

The ALJ improperly substituted his lay opinion in the decision, even though at the hearing he admitted that his hypothetical of being off task 10% (and not 12%) of the workday was "an assumption," that it was "speculative," and "my [the ALJ's] limitation is probably unartful." (*Id*. at 96-97). The ALJ's decision cites to no evidence, not even a scintilla, to support that Plaintiff would only be off task 10% of the day and not more, nor that Plaintiff would be absent from work no more than one day a month. (Compare ECF 10 at 24 with ECF 10 at 90-97). S*ee also Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp.2d 330, 347 (E.D.N.Y. 2010) ("[A]n ALJ who makes an RFC determination in the absence of [a] supporting expert medical opinion has improperly substitute[d] his own opinion for that of a physician, and has committed legal error.")

Defendant asserts that the ALJ's conclusion about absences and time off task was supported by substantial evidence but points to none in the record, string citing cases only for the proposition that estimates of time off-task must be supported by substantial evidence, which is not a legal principle in dispute here. (See ECF 19 at 19-21). Moreover, although Defendant claims that Dr. Walsh's opinion was only "somewhat persuasive,"[5] the ALJ opinion itself does not explain why or how he came to that conclusion, beyond a perfunctory statement that some of Dr. Walsh's opinion is "somewhat persuasive, as it is partially consistent with the record (Exhibits ). [sic]" (ECF 10 at 29). In the very next sentence, the ALJ finds that Dr. Walsh's report is "not persuasive" with respect to pace and attendance at work, "as it is not consistent with the records," with no citation to the record at all. (*Id*.) The following sentence, which *does* cite to the record, only notes that Plaintiff was "generally assessed as attentive with short-term and

---

[5] Defendant also misquotes the ALJ decision here, calling the ALJ's finding of Dr. Walsh's opinion "partially persuasive." (Compare ECF 19 at 21 with ECF 10 at 29.)

long-term memory intact," and that "his symptoms were noted as stable with treatment." (*Id*.) It makes no gesture to whether Plaintiff is able to concentrate or how long he could concentrate or consistently go to work.

Accordingly, I find that the ALJ cherry-picked from the record and failed to explain why Dr. Walsh's opinion, as just a single example, was unpersuasive. Even the records cited by the ALJ are drawn from telephone visits with Dr. Nunez, Plaintiff's treating physician, during the COVID-19 pandemic that predate Dr. Walsh's evaluation by 1-2 years; that note, throughout, Plaintiff's "extreme" functional limitations, (ECF 10-2 at 2); that report that Plaintiff was taking no fewer than six medications for his schizophrenia alone; and that Plaintiff had also exhibited (for example), "a paranoid manner and other signs of paranoid process" even as Dr. Nunez had noted that "short- and long-term memory are intact." (*See, e.g.* Ex. D4F, ECF 10-2 at 6).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is **GRANTED** and this case is **REMANDED** for further proceedings consistent with this Opinion and Order. The Clerk is respectfully directed to enter final judgment consistent with this decision and then close the file.

**SO ORDERED.**

/s/ Ona T. Wang
Dated: March 26, 2026                                    **Ona T. Wang**
        New York, New York                          United States Magistrate Judge

9